IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Michael C. Mayo (20181127027), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-cv-4653 |
| v. | ) | |
| | ) | Hon. Robert M. Dow, Jr. |
| Tom Dart, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

    Plaintiff paid the filing fee associated with this action [3]. The complaint [4], however, is dismissed without prejudice. The Court requests that attorney David J. Zott, 300 North LaSalle Street, Chicago, Illinois, 60654, Kirkland & Ellis LLP, dzott@kirkland.com, (312) 862-2000, represent Plaintiff in accordance with counsel's trial bar obligations under N.D. Ill. Local Rules 83.11(h) and 83.37.[1] By November 12, 2021, counsel shall file an appearance. If counsel believes that proceeding with this case would be inconsistent with his Rule 11 obligations, he should notify the Court. The Court also requests that counsel review the three other cases filed by Plaintiff in federal court this year, see *Mayo v. Dart et al.*, No. 21-cv-4656 (N.D. Ill.), *Mayo v. Dart et al.*, No. 21-cv-4880 (N.D. Ill.), *Mayo v. CCDOC Medical Staff et al.*, No. 21-cv-5014 (N.D. Ill.), to assess whether he believes that it would be prudent to appoint him to any of the other cases and provide a status report to the Court by December 10, 2021. Counsel is permitted to associate another attorney (or attorneys) from his firm in order to fulfill the Court's request. The Clerk is directed to send a copy of this order to Plaintiff, recruited counsel, and to the PACER Service Center and Systems Department as set forth below.

---

[1]     The recruited attorney falls within the class of users listed in the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States, therefore, the above-named attorney shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this court for the above-captioned case only. The assigned attorney shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this court. This exemption is valid immediately and for the duration of the attorney's participation in the matter. This exemption may be revoked at the discretion of the Court at any time. The attorney shall contact the PACER Service Center at 1-800-676-6856 or via the link below to make any necessary arrangements for the waiver. A copy of this order shall be sent to the PACER Service Center at https://pacer.uscourts.gov. A copy of this order shall also be sent to the Systems Department of the Northern District of Illinois. Plaintiff is advised that pursuant to Local Rule 83.40 and the Regulations Governing the Prepayment & Reimbursement of Expenses of Court Assigned Counsel in *Pro Bono* Cases from the District Court Fund, any recovery (e.g., settlement, judgment, award of fees, or costs) in excess of $50,000 requires reimbursement to the District Court Fund from such recovery for amounts paid on behalf of the receiving party in excess of $5,000.

## STATEMENT

Plaintiff Michael C. Mayo, a detainee at the Cook County Jail, brings this action *pro se* under 42 U.S.C. § 1983 in connection with certain events that occurred in and around April 2020. Plaintiff paid the filing fee [3] associated with this action. Before the Court is Plaintiff's complaint [4] for initial review.

The Court is required to screen prisoners' complaints and dismiss a complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See *Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges that he is housed in Division 8/3G. [4 (Compl.) at 1.] He alleges that on April 29, 2020, "ERT" were called to "regain order" after a "riot" broke out on his deck. [*Id.*] Plaintiff states that he has been prescribed a cane by a doctor to assist him with walking and "also prohibits him from being cuffed while moving." [*Id.*] Plaintiff claims that "ERT ignored these guidelines and drag[ged] [him] from [his] bed in [his] underw[e]ar[][.]" [*Id.*] Plaintiff states that "[e]ven after informing ERT of these medical needs[,] [he] was cuffed and forced to walk and maintain [his] balance while cuffed and trying to use [his] cane." [*Id.*] Plaintiff claims that he was "lined up" in the hallway and escorted down multiple flights of stairs "cuffed and with cane." [*Id.*] Plaintiff claims that he informed "ERT" that he should be transported on an elevator, "but they ignored [his] request." [*Id.*] Plaintiff claims that "[o]n the stairs mid-way through this ordeal, [he] collapsed on the stairs." [*Id.*] Plaintiff claims that he "stayed there on the cold stairway in [his] underw[e]ar[] waiting for help." [*Id.*] Plaintiff claims that after 15 minutes, he was carried up a flight of stairs (it is unclear by whom), then placed in a wheelchair, and transported to Division 10, cell 19D1. [*Id.*] Plaintiff states that "the only thing that was done for me was a blood pressure check. Despite multiple request[s] for help with severe back pain, nothing would be done for 3 weeks." [*Id.* at 4–5.] Plaintiff states that "he should never have been forced to walk with a cane while cuffed especially walking down stairs." [*Id.* at 5.]

The complaint names as Defendants Tom Dart, Director Gavin, Supt. Hayes, "CCDOC Medical Staff," and "Cook County Sheriff's Dept. (CCDOC)." [4 (Compl.) at 1.]

To state a Fourteenth Amendment claim based on the conditions of confinement at a pretrial detention facility, a detainee must allege facts showing that he was housed under conditions that were objectively serious enough to deny a basic human need. *Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015). With respect to alleged safety hazards, the Constitution proscribes only risks that present an excessive risk of serious harm to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 836–37 (1994). Neither negligence nor even gross negligence gives rise to a constitutional violation. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Here, Plaintiff alleges that he was prescribed a cane to assist with walking and that he was "prohibited" from being "cuffed while moving." Plaintiff claims that he alerted jail officials to these "medical needs" and indicated that he needed an elevator to be moved. Yet, jail officials forced Plaintiff to walk down multiple flights of stairs (with his cane and while cuffed). Plaintiff claims that he "collapsed" going down the stairs, injuring his back. These allegations are sufficient, at least at this early stage of the proceedings, to state a claim for deliberate indifference to Plaintiff's safety.

Likewise, Plaintiff's allegations that jail officials ignored his "medical needs" prior to the "collapse" on the stairwell arguably state a medical claim at this stage of the proceedings. See *Miranda v. County of Lake*, 900 F.3d 335, 352–54 (7th Cir. 2018).

Plaintiff, however, has not identified a proper Defendant to these claims. Section 1983 creates a cause of action based on personal liability and predicated on fault, so to be held liable, an individual must have caused or participated in a constitutional deprivation. See *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). A plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of the complaint. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). See also *Black v. Lane*, 22 F.3d 1395, 1401 & n.8 (7th Cir. 1994) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). Here, Plaintiff does not mention any of the named Defendants in the body of his pleading. Moreover, "CCDOC Medical Staff" – which refers to an unidentified group of individuals rather than any particular individual – is not an appropriate Defendant. And, the Cook County Department of Corrections is not a suable entity. See *Johnson v. Cnty. Dentist*, 2018 WL 8804146, at *2 (N.D. Ill. Apr. 26, 2018) (neither the Cook County Jail nor the Cook County Department of Corrections—"[n]or any subdivision of either"—are suable entities (citations omitted)); *Presley v. Cook Cnty. Jail*, 2018 WL 1900490, at *3 (N.D. Ill. Apr. 19, 2018) (same).

As an additional matter, the Court notes that Plaintiff may also be attempting to raise a medical claim related to the care (or lack thereof) that he received after he "collapsed" on the stairs. Plaintiff explains that "[t]he only thing that was done for [him] was a blood pressure check." [4 (Compl.) at 4.] He also indicates, without any meaningful elaboration, that he requested "help" for back pain, but "nothing would be done for 3 weeks." [*Id.* at 5.] To the extent Plaintiff is attempting to raise a medical claim based on these allegations, his sparse statements—which are vaguely-worded and untethered to any particular individual Defendant(s)—are too vague to

adequately state a claim. See *Twombly*, 550 U.S. at 555 (explaining that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and also must be enough to "give the defendant fair notice of what the claim is and the grounds upon which it rests."); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (a complaint's allegations must "adequately connect specific defendants to illegal acts").

As discussed above, Plaintiff's current complaint arguably states claims. However, summons shall not issue at this time. The complaint on file [4] is dismissed without prejudice. Given the need to identify proper Defendants to Plaintiff's claims, the potential complexity of the medical issues involved in this case, and the fact that Plaintiff may be able to assert an additional claim (stemming from his medical care following his "collapse" on the stairs), the Court finds that the best course of action is to recruit counsel for Plaintiff. The Court recruits Attorney Zott to represent Plaintiff in accordance with counsel's trial bar commitment under Local Rule 83.37 (N.D. Ill.). If counsel is unable to proceed with this representation consistent with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure, counsel should so inform the Court. The Court encourages counsel to visit the Northern District's *Pro Bono* web page at http://www.ilnd.usCourts.gov/ Pages.aspx?page=ProBono (case sensitive) for various resources related to *pro bono* representation.

Finally, the Court notes that Plaintiff has filed three other cases in federal court this year, see *Mayo v. Dart et al.*, No. 21-cv-4656 (N.D. Ill.), *Mayo v. Dart et al.*, No. 21-cv-4880 (N.D. Ill.), *Mayo v. CCDOC Medical Staff et al.*, No. 21-cv-5014 (N.D. Ill.), at least two of which (at least on first blush) appear to involve overlapping facts and parties, see No. 21-cv-4653 (N.D. Ill.) and No. 21-cv-4880 (N.D. Ill.). If counsel believes that more than one case is related, he may move to consolidate and waive the filing fee to the extent doing so would be consistent with the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), and *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). See *George*, 507 F.3d at 607 ("Unrelated claims against different defendants belong in different suits, not only to prevent *** [a] morass * * * but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.") The Court also requests that counsel evaluate Plaintiff's cases to assess whether counsel believes that it would be prudent to appoint him to any of the other cases and provide a status report to the Court by December 10, 2021. Counsel is permitted to associate another attorney (or attorneys) from his firm in order to fulfill the Court's request.

Date: November 3, 2021

_____
Robert M. Dow, Jr.
United States District Judge