**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL C. MAYO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LARRY GAVIN, KAREN JONES-HAYES, ) <br> DAMITA DELITZ, BRENDON ) <br> LOMBARDI, O. LOPEZ, E. PRESTON, J. ) <br> DELLIS, M. KIELIAN, AND JOHN DOES ) <br> 1-7, ) <br> ) <br> Defendants. ) <br> ) | Case No. **1:21-CV-04653** <br><br> Hon. Judge Robert M. Dow, Jr. <br> Magistrate Judge M. David Weisman |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE CASE NOS. 1:21-CV-04653, 1:21-CV-04656, AND 1:21-CV-04880**

i

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | BACKGROUND | | 1 |
| II. | LEGAL STANDARDS | | 4 |
| III. | ARGUMENT | | 5 |
| | A. | The Three Actions Derive From The Same Set of Events, and Present Common Questions of Fact and Law | 5 |
| | B. | Consolidating These Actions Will Promote Judicial Economy and Convenience, and Will Not Cause Any Delay | 5 |
| | C. | Consolidation Will Not Prejudice Any Party | 6 |
| IV. | CONCLUSION | | 7 |

# **TABLE OF AUTHORITIES**

**Cases**

*Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121 (2d Cir. 1999) ........................................... 4
*Eason v. Illinois DCFS*, No. 07 CV 50015, 2009 WL 10740445 (N.D. Ill. June 25, 2009) . 4, 5, 6, 7
*Madigan, Inc. v. Goodman*, 57 F.R.D. 512 (N.D. Ill. 1972) ........................................................ 4, 6
*Mid-Vol Coal Sales, Inc. v. Balli Steel PLC*, No. 1:11-0985, 2014 WL 12746775 (S.D. W Va. June 3, 2014) .............................................................................................................................. 5

**Rules**

Fed. R. Civ. P. 42(a) ...................................................................................................................... 4

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiff Michael Mayo moves to consolidate the present action, Case No. 1:21-CV-04653, with Case Nos. 1:21-CV-04656 and 1:21-CV-04880 for all purposes, and reassign Case Nos. 1:21-CV-04656 and 1:21-CV-04880 to the present calendar. These three actions involve common questions of law and fact, originate from the same set of events, and are all the subject of an identical Amended Complaint filed in all three cases. Mr. Mayo seeks consolidation of these three actions for the purposes of discovery, dispositive motions, and, if necessary, trial.

## I. BACKGROUND

Plaintiff Michael C. Mayo is currently detained in Division 8/3G of the Cook County Department of Corrections (the "Cook County Jail" or the "Jail") while he awaits trial. As detailed in Mr. Mayo's Amended Complaint, on the night of April 28, 2020, an inmate in Division 8/3G prepared intoxicating drinks from prescription drugs, intoxicating several inmates. In their intoxicated state, the inmates became increasingly disruptive and began to terrorize the Division. Jail staff were aware of this activity; but did nothing to stop it. At around 7:30 a.m. on the morning of April 29, 2020, these same inmates requested television and phone privileges, but the sergeant on duty refused this request based on their behavior from the previous night. Following this refusal, the inmates became increasingly disorderly, and multiple fights broke out. During this disorder, multiple inmates were chased around the deck, and one inmate obtained a can of mace and began spraying other detainees. This mayhem continued for over an hour while Jail staff took no action—instead they looked on from a separate room behind security glass. Despite numerous pleas from inmates, including Mr. Mayo, Jail staff failed to act to stop the riot. Finally, the Jail's Emergency Response Team (ERT) entered the Division, and began indiscriminately clearing the deck without exercising any discretion to determine which inmates were involved in the altercations.

Despite not being involved in any of the chaos, Mr. Mayo was dragged out of his bed—clothed only in his underwear—forcibly restrained, and forced to walk down a long hallway and multiple flights of stairs. Mr. Mayo was prescribed a cane by a medical doctor, and that same doctor ordered him not to be moved while cuffed (since he cannot effectively utilize his cane while cuffed). Despite informing ERT of his medical restrictions, Mr. Mayo was forced to walk while cuffed, and struggled to maintain his balance and use his cane. While he informed ERT that he should only be transported in an elevator, ERT ignored this request and forced Mr. Mayo to walk down multiple flights of stairs while cuffed. Unable to maintain his balance, Mr. Mayo collapsed on the stairs and suffered significant injuries. ERT officers left Mr. Mayo lying on the stairs for fifteen minutes, after which they carried him up a flight of stairs, placed him in a wheelchair, and transported him to Division 10. Mr. Mayo spent more than twelve hours in Division 10, during which time Jail staff failed to provide him with multiple critical medications he was scheduled to take.

About three weeks later, on May 21, 2020, Sergeant Lombardi, purporting to act at the direction of Jail medical staff, arrived at Mr. Mayo's living space to confiscate a wheelchair Mr. Mayo had been provided by Jail medical staff for injuries sustained during and immediately after the April 29, 2020 riot. Sergeant Lombardi transported Mr. Mayo to the Three West bullpen, and, with the assistance of Defendants Kielian, Lopez, Preston, and Dellis, assaulted Mr. Mayo by violently forcing him from his wheelchair and slamming his head onto the concrete floor. Defendants Lombardi, Kielian, Lopez, Preston, and Dellis then applied their bodyweight to Mr. Mayo's injured back and neck. As a result of this violent takedown, Mr. Mayo suffered a significant head injury. The same Defendants then dragged Mr. Mayo to a corner of the bullpen and shackled him to a wall for over an hour. Mr. Mayo continues to experience symptoms from

2

the assault, including blurred vision, headaches, dizziness, impaired memory/recall, loss of feeling in his left hand. While Mr. Mayo was shackled to the bullpen wall, Sergeant Lombardi proceeded to maliciously destroy and steal Mr. Mayo's personal possessions. Sergeant Lombardi then issued Mr. Mayo a citation with a false account of the events in an effort to conceal his own misconduct.

Since these incidents, Mr. Mayo has had to use a daily lidocaine patch to help with his extreme pain. He also has to take Tylenol, Meclizine, and Propranolol daily to treat his pain and continuing dizziness. Mr. Mayo has not been able to sleep due to fear of further attacks, and he has utilized mental health services to deal with post-traumatic stress from these incidents. Mr. Mayo filed numerous grievances and complaints with the Cook County Office of Professional Review (OPR) regarding these events.

Thereafter, motivated by Mr. Mayo's grievances, Sergeant Lombardi repeatedly retaliated against Mr. Mayo by conducting purportedly random searches of Mr. Mayo's bunk area, confiscating Mr. Mayo's prescribed lidocaine patches, confiscating Mr. Mayo's property bag, and engaging in other harassing conduct.

Mr. Mayo filed two actions (Case Nos. 21-CV-4653, 21-CV-4656) under 42 U.S.C. § 1983 concerning these events on October 4, 2021, and filed another related action (Case No. 21-CV-4880) on October 6, 2021.[1] On November 3, 2021, the Court appointed David Zott of Kirkland & Ellis LLP to represent Mr. Mayo in Case No. 21-CV-4653. The Court also requested that counsel review three other pending cases to determine if counsel should also be appointed to

---

[1] Case Nos. 21-CV-4653 and 21-CV-4880 relate to the events of April 28-29, 2020 where Mr. Mayo was forced to walk down multiple flights of stairs while handcuffed following a riot on his deck at the Cook County Jail. Case No. 21-CV-4656 relates to Defendants' assault of Mr. Mayo when confiscating his wheelchair (that he was given due to the injuries he suffered on April 28-29, 2020).

3

represent Mr. Mayo in any of these cases. In accordance with the status report that counsel filed on December 3, 2021, the Court appointed counsel to represent Mr. Mayo in Case Nos. 21-CV-4656 and 21-CV-4880 on December 17, 2021, and set a deadline of February 11, 2022 for the filing of Mr. Mayo's Amended Complaints.

Concurrently with this motion, and consistent with the overlapping nature of these cases, Mr. Mayo is filing an identical Amended Complaint in Case Nos. 21-CV-4653, 21-CV-4656, and 21-CV-4880. Mr. Mayo now moves to consolidate the three cases into a single proceeding.

**II.     LEGAL STANDARDS**

Federal Rule of Civil Procedure 42(a) allows consolidation of actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "Factors the court may consider to determine whether consolidation is appropriate are: (1) the common questions of law and fact; (2) convenience and judicial economy; (3) delay; and (4) undue prejudice to any party." *Eason v. Illinois DCFS*, No. 07 CV 50015, 2009 WL 10740445, at *2 (N.D. Ill. June 25, 2009). "The determination of whether two cases involve the same factual or legal questions is a matter which rests within the discretion of the trial judge." *Madigan, Inc. v. Goodman*, 57 F.R.D. 512, 514 (N.D. Ill. 1972). "A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*." *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). When consolidation is appropriate, courts can and often do order consolidation *sua sponte*, without affording all parties an opportunity to be heard. *See id.*; *Mid-Vol Coal Sales, Inc. v. Balli Steel PLC*, No. 1:11-0985, 2014 WL 12746775, at *1 (S.D. W Va. June 3, 2014).

### III. ARGUMENT

#### A. The Three Actions Derive From The Same Set of Events, and Present Common Questions of Fact and Law.

"Rule 42 is designed to encourage consolidation when common questions of law or fact exist." *Eason*, 2009 WL 10740445, at *2. In *Eason*, the Northern District of Illinois found that the two cases arose out of "similar events over the same period of time," which indicated the existence of common questions of fact. *Id.* Despite that the two cases involving separate and distinct incidents, the court found that the conduct at issue was sufficiently similar to favor consolidation. *Id.* The facts in *Eason* largely mirror those in the present actions. The constitutional torts Mr. Mayo alleges stem from a sequence of linked incidents that occurred in the same facility. In the events of April 29, 2020, Mr. Mayo suffered significant injuries at the hands of Jail staff, for which he required a wheelchair. In their subsequent confiscation of the wheelchair, Jail staff assaulted and mistreated Mr. Mayo again, subjecting him to further injuries and aggravating his prior injuries. Sergeant Lombardi then retaliated against Mr. Mayo for grievances and OPR complaints Mr. Mayo filed relating to these events.

Similar to *Eason*, the events at issue in the present actions occurred within a two-month timeframe. These events cascaded into one another and involved a pattern of ongoing misconduct and retaliation, clearly establishing common questions of fact. Thus, the existence of common questions of fact favors consolidating the three cases Mr. Mayo filed.

In addition, the three actions involve the same or similar legal issues. All claims arise from 42 U.S.C. § 1983, and involve similar constitutional protections.

#### B. Consolidating These Actions Will Promote Judicial Economy and Convenience, and Will Not Cause Any Delay.

Courts favor consolidating cases when consolidation would streamline discovery and not unnecessarily delay case deadlines, as the primary objective of consolidation is to further

convenience and judicial economy. *See Madigan*, 57 F.R.D. at 515; *Eason*, 2009 WL 10740445, at *3. In *Eason*, despite finding commonality of legal and factual questions between the actions, the court denied consolidation because the cases "were at extremely different stages of litigation." *Eason*, 2009 WL 10740445, at *2–3. In *Madigan*, by contrast, the court found that consolidation would streamline discovery, and the cases would be ready for trial at the same time. *See Madigan*, 57 F.R.D. at 515.

The stage of litigation in the present action is far more analogous to *Madigan* than to *Eason*. Here, Mr. Mayo filed all three cases within two days, and filed a single, identical Amended Complaint in all three actions on the same day. All three cases are thus at the same stage of litigation and should be ready for trial at the same time. Further, due to the connections between the events at issue in all three cases, consolidation would streamline and simplify discovery. Permitting Mr. Mayo to present his causes of action in one unified case, instead of presenting it piecemeal across three different proceedings, will achieve significant efficiencies. All three of Mr. Mayo's cases are before the same judge and magistrate judge, which likewise favors consolidation. The Court should consolidate the three actions filed by Mr. Mayo because doing so would promote judicial efficiency, streamline discovery, and advance rather than delay the litigation.[2]

### C. Consolidation Will Not Prejudice Any Party.

While consolidation "should not cause undue prejudice to any party," when cases involve similar evidence and testimony, the likelihood of unfair prejudice significantly diminishes. *See Eason*, 2009 WL 10740445, at *3. In *Eason*, the court held that the underlying cases involved

---

[2] The Court already made a preliminary assessment that these cases involve common facts when appointing Mr. Zott as counsel for these cases, but not for another case filed by Mr. Mayo. (*See* Dkt. No. 11.)

similar evidence and testimony, as well as similar legal questions, so unfair prejudice was unlikely. *Id.* The *Eason* court specifically noted that the "allegations originate from related or overlapping events." *Id.* In the present action, Mr. Mayo's three cases also originate from related, overlapping events that will involve similar evidence and testimony from the same witnesses. Confusion is unlikely as the events at issue occurred in a clearly delineated, chronological timeline. Further, across all three cases, Mr. Mayo bases his claims on the same constitutional protections, and invokes the same statutory cause of action. Consolidating these actions presents no prejudice or confusion to any of the parties involved.

### IV.     CONCLUSION

For the foregoing reasons, and pursuant to Fed. R. Civ. P. 42(a), the Court should consolidate Case Nos. 1:21-CV-04653, 1:21-CV-04656, and 1:21-CV-04880.

Dated:  February 11, 2022                    Respectfully submitted,


                                             */s/ David J. Zott*
                                             David J. Zott, P.C.
                                             Howard Michael Kaplan
                                             **KIRKLAND & ELLIS LLP**
                                             300 North LaSalle
                                             Chicago, IL 60654
                                             Telephone: (312) 862 2000
                                             Facsimile: (312) 862-2200
                                             Email: dzott@kirkland.com
                                             Email: howard.kaplan@kirkland.com

                                             Jennifer M. Joslin *(admitted pro hac vice)*
                                             **KIRKLAND & ELLIS LLP**
                                             60 East South Temple
                                             Salt Lake City, UT 84111
                                             Telephone: (801) 877-8100
                                             Facsimile: (801) 877-8101
                                             Email: Jennifer.joslin@kirkland.com

                                             *Attorneys for Plaintiff Michael C. Mayo*

8