# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL C. MAYO,<br><br>  Plaintiff,<br><br>v.<br><br>LARRY GAVIN, KAREN JONES-HAYES, DAMITA DELITZ, BRENDON LOMBARDI, O. LOPEZ, E. PRESTON, J. DELLIS, M. KIELIAN, AND JOHN DOES 1-7,<br><br>  Defendants. | Case No. **1:21-cv-04653**<br><br>Honorable Robert M. Dow, Jr. |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Michael C. Mayo, by and through his attorneys, respectfully moves the Court for leave to amend his First Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(2), and file a Second Amended Complaint. In support of this motion, Plaintiff states as follows:

1. On February 11, 2022, Plaintiff filed his First Amended Complaint in this action.

2. Plaintiff's Amended Complaint asserts claims against seven "John Doe" Defendants, who were involved with the response to the riot on April 29, 2020 and the transportation of Plaintiff to a different cell block following the riot. Without discovery, plaintiff was unable to identify the John Does before filing his First Amended Complaint. After filing his First Amended Complaint, plaintiff moved for expedited discovery on March 7, 2022, in order to identify the John Does. The Court granted the motion on March 25, and from that point until an April 29 status conference with the Court, the parties worked informally to identify the John Does. Defense counsel's cooperation, unfortunately, ceased after the April 29 status conference.

3. The parties have identified the individuals who directed officers to wait outside tier 3G while the riot unfolded, formerly named as John Does 1-5. Specifically, Plaintiff has learned that Defendants Gavin, Jones Hayes, and Delitz, who were already named in the First Amended Complaint, gave the order to remain outside Division 8/3G. Plaintiff therefore seeks to amend his First Amended Complaint to remove John Does 1-5.

4. The parties have also identified Officer Buchanan as one of the two members of the Emergency Response Team who escorted Plaintiff to a different cell block following the riot, formerly named as John Doe 6. However, despite Plaintiff's identification of specific video footage of John Doe 7, and despite Defense counsels' agreement that they would speak with four relevant individuals (also specifically identified by plaintiff's counsel) to identify the officer in the video and report back by May 6, Defendants have not yet provided the identity of John Doe 7, or even contacted all of the relevant individuals to make the identification. Plaintiff therefore seeks to remove John Doe 6 and name Officer Buchanan; however, his Second Amended Complaint will retain John Doe 7, and Plaintiff will seek leave to supplement his Second Amended Complaint as appropriate as soon as Defendants provide the identify of John Doe 7.

5. In his First Amended Complaint, Mr. Mayo brought a claim for excessive force against Defendants Lombardi, Kielian, Lopez, Preston, and Dellis, in connection with an assault on May 21, 2020. Based on information gathered in the course of identifying the John Doe Defendants, Plaintiff has determined that only one of those individuals, Defendant Sergeant Lombardi, directly perpetrated the assault. He therefore seeks to amend his First Amended Complaint to remove Defendants Kielian, Lopez, Preston, and Dellis as defendants.

6. Plaintiff has also learned about a policy of the Cook County Jail, promulgated by Sheriff Dart and/or Executive Director Miller, who were not named in the First Amended

Complaint. The policy prevented Jail Staff from removing disruptive or dangerous inmates from Plaintiff's cell block before the riot unfolded, and therefore prevented the staff from protecting Mr. Mayo from harm. Plaintiff seeks to name and add alternative claims against Sheriff Dart, in his official capacity, and Executive Director Miller, in his individual capacity, for failure to protect in light of this policy.

WHEREFORE, as set forth more fully in the accompanying Memorandum of Law, Plaintiff respectfully requests that the Court grant him leave to amend his First Amended Complaint, and allow him to file and serve a Second Amended Complaint.

Dated: May 12, 2022

Respectfully submitted,

*/s/ David J. Zott*

David J. Zott, P.C.
Howard Michael Kaplan
Vivek Biswas *(admitted pro hac vice)*
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862 2000
Facsimile: (312) 862-2200
Email: dzott@kirkland.com
Email: howard.kaplan@kirkland.com
Email: vivek.biswas@kirkland.com

John P. Hannon *(admitted pro hac vice)*
Jennifer M. Joslin *(admitted pro hac vice)*
**KIRKLAND & ELLIS LLP**
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 877-8100
Facsimile: (801) 877-8101
Email: john.hannon@kirkland.com
Email: jennifer.joslin@kirkland.com

*Attorneys for Plaintiff Michael C. Mayo*

## CERTIFICATE OF SERVICE

This is to certify that, on May 12, 2022, a true and correct copy of **PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** was served on all parties having made appearances in this matter via the Court's ECF Notification System.

/s/ *David J. Zott*
*Attorney for Plaintiff Michael C. Mayo*