UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL C. MAYO,<br><br>   Plaintiff,<br><br>v.<br><br>LARRY GAVIN, KAREN JONES-HAYES, DAMITA DELITZ, BRENDON LOMBARDI, DIRECTOR MILLER, OFFICER BUCHANAN, THOMAS DART, AND LIEUTENANT DOUGE,<br><br>   Defendants. | Case No. **1:21-cv-04653**<br><br>Honorable Robert M. Dow, Jr.<br>Mag. Judge M. David Weisman |

## Joint Initial Status Report

  Counsel for the parties have met telephonically and conducted a planning conference pursuant to Rule 26(f) and jointly submit this Initial Status Report.

**A. Attorneys of record and attorneys expected to try the case.**

| **Attorneys for Plaintiff Michael C. Mayo** | **Attorneys for Defendants** |
|---|---|
| David J. Zott, P.C. *(Lead Trial Attorney)*<br>Vivek Biswas *(admitted pro hac vice)*<br>**KIRKLAND & ELLIS LLP**<br>300 North LaSalle<br>Chicago, IL 60654<br><br>John P. Hannon *(admitted pro hac vice)*<br>Jennifer M. Joslin *(admitted pro hac vice)*<br>**KIRKLAND & ELLIS LLP**<br>60 East South Temple<br>Salt Lake City, UT 84111 | Troy Radunksy *(Lead Trial Attorney)*<br>Jason DeVore *(Trial Bar Member)*<br>Kimberly Musick<br>**DeVore Radunsky LLC**<br>27 N. Wacker, Suite 431<br>Chicago, Illinois 60606 |

**B. Basis for federal jurisdiction.**

  The basis for federal jurisdiction is 28 U.S.C. §§ 1331, 1343(a), and 42 U.S.C. § 1983.

C. **Nature of claims in the complaint and any counterclaim.**

**Summary of Plaintiff's claims:**

- Mr. Mayo asserts a claim against Superintendent Jones-Hayes, Director Gavin, and Sergeant Delitz in their individual capacities for failure to protect. Those individuals directed jail staff to avoid entering Tier 3G while the April 29, 2020 riot unfolded. They knew that Mr. Mayo, as an inmate housed in the medical unit, was particularly vulnerable, and they knew that as a result of the Jail's COVID-19 policies, inmates that would otherwise be ineligible for a dormitory-style division were housed in Division 8/3G.

- Mr. Mayo asserts a claim against Sheriff Dart, in his official capacity, for failure to protect. Sheriff Dart promulgated the Jail's COVID-19 policy that led to violent inmates being housed with medically vulnerable inmates, including Mr. Mayo, in Division 8/3G. In the alternative, Mr. Mayo asserts a claim against Executive Director Miller, in his official capacity. Director Miller adopted the COVID-19 policy pursuant to final policymaking authority delegated by Sheriff Dart.

- Mr. Mayo asserts a claim against Officer Buchanan and Lieutenant Douge, in their individual capacities, for failure to attend to Mr. Mayo's serious medical needs. Those individuals forced Mr. Mayo to navigate stairs, despite his mobility issues, and refused to allow him to be transported by elevator.

- Mr. Mayo asserts a claim against Director Gavin and Director Miller, in their individual capacities, for failure to attend to Mr. Mayo's serious medical needs. Directors Gavin and Miller knew that Mr. Mayo has serious medical needs, including anemia, diabetes, high blood pressure, and kidney failure, and knew that failing to administer his required medications would present a substantial risk of harm. Nonetheless, they detained Mr. Mayo in Division 10, which could not support the treatment of his serious medical needs, for 12 hours.

- Mr. Mayo asserts claims against Sergeant Lombardi, in his individual capacity, for excessive force and First Amendment retaliation. Sergeant Lombardi used excessive force by removing Mr. Mayo from his wheelchair, slamming his head on the concrete floor, and piling his body on Mr. Mayo's back, neck, and head. In response to the assault, the riot, and other issues, Mr. Mayo filed grievances against Sergeant Lombardi, among others. In response, Sergeant Lombardi engaged in a pattern of harassment against Mr. Mayo.

**Summary of Defenses:**

Defendants anticipate that they may raise the following, non-exhaustive, list of defenses:

- §4-105 (med care for prisoners); The defendants assert they exercised ordinary and reasonable care for the preservation of the plaintiff's health and life under the circumstances of the particular case and there is no evidence of willful and wanton conduct or that the defendants failed to take reasonable action to summon medical care.

- Defendants assert plaintiff did not have an objectively serious medical condition or that defendants were deliberately indifferent to it.

- Each Defendant Correctional Officer's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendant may be entitled to the defense of qualified immunity.

- Defendants assert that use of force was objectively reasonable based on the circumstances.

- To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under § 1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Therefore, to the extent Defendants are named in their official capacities, Defendants are immune from having to pay punitive damages to Plaintiff.

- Plaintiff may not have properly exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") with respect to one of his grievances following the alleged assault. The PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Plaintiff was at all relevant times and the date of filing, a prisoner, and subject to the PLRA.

- To the extent Plaintiff is making any claims under Illinois law, Defendants are immune from Plaintiff's claims under 745 ILCS 10/2-204 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person."

- To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

- The defendant asserts there is no evidence the plaintiff was engaged in activity protected by the First Amendment; (2) … suffered a deprivation that would likely deter First Amendment activity in the future; and [that] (3) the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action."

- During the April 28, 2020 disturbance, the defendants did not demonstrate any willful and wanton actions reflecting infliction of pain towards plaintiff and did not carry out their tasks maliciously and sadistically.

**D. Name of any party who or which has not been served, and any fact or circumstances related to non-service of process on such party.**

    All defendants have waived service.

**E. Principal legal issues.**

- Whether Defendant Dart's decision, or in the alternative, Defendant Miller's decision, to place otherwise ineligible inmates in Division 8/3G constituted a decision of a person with final policymaking authority sufficient to subject Cook County to liability under 42 U.S.C. § 1983.

- Whether the decision to refrain from entering Division 8/3G placed Mr. Mayo at a substantial risk of harm and was objectively unreasonable under the Fourteenth Amendment's Due Process Clause.

- Whether the decision to force Mr. Mayo to navigate a stairwell despite his serious medical needs was objectively unreasonable under the Fourteenth Amendment's Due Process Clause.

- Whether the decision to detain Mr. Mayo in a Division that was not equipped to support the treatment of his serious medical needs was objectively unreasonable under the Fourteenth Amendment's Due Process Clause.

- Whether Sergeant Lombardi's force applied against Mr. Mayo when removing Mr. Mayo from his wheelchair was objectively unreasonable under the Fourteenth Amendment's Due Process Clause.

- Whether Sergeant Lombardi's conduct in response to Mr. Mayo's filed grievances would be likely to deter a person of ordinary firmness in Mr. Mayo's position from continuing to engage in protected activity.

**F. Principal factual issues.**

The principal factual issues will depend on the testimony of witnesses.

**G. Whether a jury trial has been demanded by any party.**

Mr. Mayo has demanded a jury trial on all issues so triable.

**H. Brief description of discovery that has been taken and of the discovery anticipated to be required, and suggested dates for discovery deadlines and cutoff. Parties are reminded of their discovery obligations under FRCP 26 and Local Rule 26.1.**

- The parties have engaged in limited discovery to identify John Does 1-7. Defendants have provided incident reports and video footage of the April 29, 2020 riot and of the May 21, 2020 assault.

- Mr. Mayo will need written discovery and depositions from the Defendants and third parties regarding:

    - The decision to place otherwise ineligible inmates in Division 8/3G.

    - The decision to refrain from entering Division 8/3G while the riot unfolded.

    - The decision to force Mr. Mayo to navigate a stairwell despite his mobility issues.

    - The decision to detain Mr. Mayo in Division 10 for 12 hours.

    - The force used by Sergeant Lombardi against Mr. Mayo on May 21, 2020.

    - Sergeant Lombardi's knowledge of Mr. Mayo's filed grievances, and Lombardi's subsequent pattern of harassment against Mr. Mayo.

- Defendants' knowledge of Mr. Mayo's serious medical needs.

- The parties suggest the following deadlines:

|  | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Rule 26(a)(1) Disclosures | 7/8/22 | 7/8/22 |
| First date by which the parties may issue written discovery | 7/8/22 | 7/8/22 |
| Deadline to file responsive pleadings | 8/16/22 | 8/16/22 |
| Substantial completion of written and document discovery | 11/1/22 | 11/21/22 |
| Substantial completion of oral discovery | 5/12/23 | 7/12/23 |
| Deadline to amend pleadings | 5/26/23 | 7/19/23 |
| Close of fact discovery | 7/14/23 | 10/12/23 |
| Initial expert reports | 9/15/23 | 11/20/23 |
| Rebuttal expert reports | 10/13/23 | 12/20/23 |
| Close of expert discovery | 12/15/23 | 3/1/24 |
| Deadline to file dispositive motions | 1/15/24 | 4/1/24 |

**I. If reasonably ascertainable, earliest date the parties would be ready for trial and estimated length of trial.**

Mr. Mayo anticipates being ready for trial by April 12, 2024. Defendants anticipate being ready for trial by July 15, 2024

**J. Whether parties consent unanimously to proceed before a Magistrate Judge.**

Mr. Mayo does not currently consent to proceed before a Magistrate Judge.

**K. The status of any settlement discussions.**

The parties have not yet conducted settlement discussions.

**L. Whether the parties request a settlement conference.**

Mr. Mayo requests a settlement conference. The defendants would consider a settlement conference after evaluating the plaintiff's settlement demand.

5

Respectfully submitted,

| /s/ David J. Zott | /s/ Troy Radunksy |
|---|---|
| **Attorneys for Plaintiff Michael C. Mayo** | **Attorneys for Defendants** |

David J. Zott, P.C. *(Lead Trial Attorney)*  
Vivek Biswas *(admitted pro hac vice)*  
**KIRKLAND & ELLIS LLP**  
300 North LaSalle  
Chicago, IL 60654  
Telephone: (312) 862 2000  
Facsimile: (312) 862-2200  
Email: dzott@kirkland.com  
Email: howard.kaplan@kirkland.com  
Email: vivek.biswas@kirkland.com  

John P. Hannon *(admitted pro hac vice)*  
Jennifer M. Joslin *(admitted pro hac vice)*  
**KIRKLAND & ELLIS LLP**  
60 East South Temple  
Salt Lake City, UT 84111  
Telephone: (801) 877-8100  
Facsimile: (801) 877-8101  
Email: john.hannon@kirkland.com  
Email: jennifer.joslin@kirkland.com  

Troy Radunksy *(Lead Trial Attorney)*  
Jason DeVore (*Trial Bar Member*)  
Kimberly Musick  
**DeVore Radunsky LLC**  
27 N. Wacker, Suite 431  
Chicago, Illinois 60606

## CERTIFICATE OF SERVICE

I certify that on this date, June 22, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

*/s/ David J. Zott, P.C.*
David J. Zott, P.C.