## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL C. MAYO, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| LARRY GAVIN, KAREN JONES- | ) | Case No.: 1:21-cv-04653 |
| HAYES, DAMITA DELITZ, BRENDON | ) | |
| LOMBARDI, DIRECTOR MILLER, | ) | Hon. Judge Robert M. Dow |
| OFFICER BUCHANAN, THOMAS | ) | |
| DART AND LIEUTENANT DOUGE | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' 12(B)(6) MOTION TO DISMISS
### COUNTS I-V OF THIRD AMENDED COMPLAINT

NOW COME Defendants, LARRY GAVIN, KAREN JONES-HAYES, DAMITA

DELITZ, BRENDON LOMBARDI, DIRECTOR MILLER, OFFICER BUCHANAN, THOMAS

DART AND LIEUTENANT DOUGE (collectively "Defendants"), by and through their attorneys

Jason E. DeVore and Troy S. Radunsky of DeVore Radunsky LLC, and in support of their Motion

to Dismiss, state as follows:

### INTRODUCTION

On June 16, 2022, Plaintiff Michael C. Mayo (hereinafter "Plaintiff") filed a seven-count

Third Amended Complaint ("Complaint") against Defendants. The following five (of seven)

counts are the subject of this motion to dismiss: I (Section 1983 Claim - Defendants Jones-Hayes,

Gavin, and Delitz for Failure to Protect); II (Section 1983 Claim - Defendant Dart, official

capacity, for Failure to Protect); III (Section 1983 Claim - Defendant Miller for Failure to Protect);

IV (Section 1983 Claim - Defendants Buchanan and Lieutenant Douge for Failure to Attend to

Plaintiff's Serious Medical Needs); V (Section 1983 Claim - Defendants Gavin and Miller for

Failure to Attend to Plaintiff's Serious Medical Needs).

## ARGUMENT

Count I should be dismissed for several reasons. First, there are no allegations regarding proper controls. Second, no harm is pleaded. Third, there are no allegations reflecting that defendants had notice of a particularized danger of a riot. Finally, there are no allegations suggesting that defendants Jones and Gavin had notice of any issues referenced in Count I.

Counts II and III are subject to dismissal, based upon the lack of allegations reflecting that defendants had notice of a potential riot. Finally, Counts IV and V must be dismissed for failure to state a cause of action.

## I.      Count I Fails to Plead Harm or Proper Controls

Count I of the complaint should be dismissed based upon the lack of allegations showing that defendants had actual knowledge of an impending, easily preventable, harm. Count I also suffers from a dearth of allegations regarding "proper controls" at the jail to prevent a riot.

According to the Seventh Circuit, to state a claim against prison officials for failure to protect under Section 1983, a Plaintiff must establish: "(1) that he was 'incarcerated under conditions posing a substantial risk of serious harm' and (2) that the defendants acted with 'deliberate indifference' to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The Seventh Circuit has determined that a failure to provide protection constitutes a violation of the Eighth Amendment only if "deliberate indifference by prison officials to a prisoner's welfare 'effectively condones the attack by allowing it to happen.'" *Id.* (citing *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997)). Hence, Plaintiff must allege facts sufficient to show that Defendants had "actual knowledge of an

impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from defendant's failure to prevent it." *Id.*

A Plaintiff attempting to satisfy the first prong must establish that his injuries are "'sufficiently serious' to show that prison officials deprived him of 'the minimal civilized measure of life's necessities.'" *Round v. Brandell*, No. 14 C 7181, 2015 WL 4624809, at *3 (N.D. Ill. August 3, 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see* (*DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199–200 (1989) (life's minimal necessities include "reasonable safety").

In *Santiago*, the Plaintiff brought a claim for failure to protect against several prison officials after experiencing an assault at the hands of another prisoner. In his complaint, Plaintiff alleged that his fight with and subsequent threat received by another prisoner were known to defendants because of an incident report filed regarding the fight which occurred half a year prior to the execution of the threat for which plaintiff alleged prison officials failed to protect him. *Santiago*, 599 F.3d at 756-57. The court noted that the prison officials' placement of plaintiff into solitary confinement was protection from the impending harm threatened and that plaintiff had thus failed to allege that the defendants had any specific knowledge of the impending harm. *Id.* The dismissal of the claim for failure to protect was subsequently affirmed. *Id.* at 757.

The *Round* court found that Plaintiff met the burden of establishing the first prong by nature of the disturbing and sufficiently serious allegations of the injuries suffered, including a broken nose, concussion, and mobility difficulties following the attack, in which he was struck in the face, kicked, and his head was stomped on. *Round*, 2015 WL 4624809 at *3. The court went on to find that Plaintiff had failed to allege sufficient facts showing that defendants had knowledge of the specific threat, only alleging that they "knew that [the attacking prisoner] was dangerous and posed

3

a substantial threat of harm to [plaintiff]." *Id.* The court held that this allegation "fail[ed] to meet the threshold requirements of 'actual knowledge' of the circumstances surrounding the attack." *Id.*; *See Lewis*, 107 F.3d at 552-53 (7th Cir. 1997) ("it is not enough that a reasonable prison official would or should have known that the prisoner was at risk; the official must actually know of and disregard the risk to incur culpability.") The court ruled as such even despite the documented history of violent incidents by the other inmate, as "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence in prison." *Round,* 2015 WL 4624809 at *3 (citing *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000)).

Here, Plaintiff has not alleged facts to establish that his injuries were sufficiently serious to show that jail officials deprived him of the minimal civilized measure of life's necessities. Plaintiff has not even articulated any specific injuries that he allegedly sustained. Nothing in the complaint rises to the level of any defendant condoning an attack due to malicious actions by the defendants. Accordingly, Count I should be dismissed.

Additionally, Count I has no allegations regarding what "proper controls" should have existed. It is not enough to say that "proper controls" were not in place without articulating what "proper controls" that plaintiff believes should have existed "to ensure prison safety". (Dkt #54 at par. 124).

Moreover, Count I, along with Counts II and III, fail to allege that defendants had notice of an impending riot, and should be dismissed.

## II.    Count I Fails to Allege Notice of Riot

Count I should also be dismissed because there are no allegations reflecting that defendants had notice of a particularized danger of a riot. Additionally, there are no allegations suggesting that defendants Jones and Gavin had notice of any issues referenced in Count I.

When considering "failure to protect" claims in the context of "conduct occurring in the midst of a major prison disturbance" the Northern District and Supreme Court have found a "more stringent state-of-mind requirement" to apply, under which the plaintiff "must demonstrate a wanton infliction of pain, … mean[ing] that the defendant carried out his tasks 'maliciously and sadistically'" *Sutton v. County of Cook*, No. 96 C 7898, 1998 WL 120348, at *2 (N.D. Ill. March 13, 1998) (citing *Whitley v. Albers*, 475 U.S. 312, 320-22 (1986)); *Farmer*, 511 U.S. at 835 (finding *Whitley* standard to apply to prison disturbance situation).

In *Sutton*, the jail in which plaintiff was incarcerated was under an emergency lockdown on the day on which the events giving rise to the complaint occurred. *Sutton*, 1998 WL 120348 at *1. Later that day, after the lockdown was lifted, Plaintiff left his cell to use the phone, upon which time an inmate riot broke out, in which Plaintiff was then stabbed repeatedly by another inmate. *Id.* In ruling on a motion to dismiss by defendants for failure to state a claim, the court found that the allegations of the complaint simply failed to show "that any Defendant possessed a malicious or sadistic state of mind when the lockdown lifted or when [Plaintiff] was attacked." *Id.* at *2. Plaintiff's allegations did not represent that the prison official defendants acted as such, and, "[o]n the contrary," alleged "that jail officers attempted to control the rioting inmates with sticks." *Id.* Thus, Plaintiff failed to allege a constitutional claim and the court granted defendants' motion to dismiss. *Id.*

Here, the complaint alleges that "Defendants intentionally ignored the dangerous conditions giving rise to the riot", which is insufficient to satisfy the *Whitley* pleading standard that applies to a riot/disturbance. There are no allegations regarding any specific threats or dangerous conditions from which plaintiff needed to be protected. Further, there are no allegations that any Defendant possessed a malicious or sadistic state of mind.

5

Moreover, there are no allegations to support a contention that defendants knew that plaintiff was trapped or that defendants took or failed to take actions to protect plaintiff, despite possessing knowledge of an imminent, serious, danger to plaintiff. Nothing in the complaint remotely suggests that defendants acted "maliciously and sadistically" in relation to the riot or thereafter. Thus, Count I should be dismissed.

### III.     Counts II and III Fail to Allege Notice of Riot

Similarly, Counts II and III do not allege that defendants had notice of an impending riot, as opposed to a general danger. A deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence in prison." *Round*, 2015 WL 4624809 at *3 (citing *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000)). Instead, a cause of action based upon a failure to protect requires notice of a particularized danger. *Id.*

Count II attempts to present a 1983 claim against Defendant Dart, in his official capacity, for failure to protect plaintiff, but merely alleges a general danger. Notably the complaint alleges that plaintiff "was incarcerated under conditions posing a substantial risk of harm". (Dkt #54 at par. 123). The general danger was allegedly caused by the Jail's "failure to maintain proper controls to ensure prison safety" and the Jail's "laissez faire approach to the Covid-19 pandemic". (Dkt #54 at par. 124). Like Count I, Count II contains no allegations regarding what "proper controls" should have existed. Additionally, it is unclear what is meant by the phrase "laissez faire approach to the Covid-19 pandemic".

Count II alleges that Defendant Miller created a Covid-19 related policy at the direction of Defendant Dart or pursuant to delegation of Dart's final policymaking authority, and that creating the policy "was the moving force" for the unrest on April 28-29, 2020, and the failure to protect plaintiff. Yet, the complaint is silent with respect to how creating a policy to protect detainees

6

during the Covid-19 pandemic in accordance with CDC guidelines gives rise to a claim for failure to protect a detainee.

Count III is pled in the alternative to Count II and attempts to present a Section 1983 Claim against Defendant Miller for failure to protect. Count III, like Count II, is deficiently pleaded. Plaintiff cannot maintain claims by stringing together platitudes and generalities in such a laissez faire manner. Doing so warrants dismissal.

## IV.    Count IV Does Not Allege Constitutional Violations

Here, Count IV alleges a single instance of plaintiff collapsing after traversing flights of stairs as an objectively serious medical condition. Yet, a single episode of collapsing on the stairs is not serious medical condition. Moreover, requiring a detainee to use the stairs does not give rise to a constitutional violation.

### A.    *Single episode of collapse is not a serious medical condition*

The Northern District of Illinois has found that "[a]n objectively serious medical condition is one that 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Paine v. Johnson*, 689 F.Supp.2d 1027, 1061 (N.D. Ill. 2010) (citing *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008)); *see also Davis v. Jones*, 936 F.2d 971, 72 (7th Cir. 1991) (objectively reasonable officer would not have thought that shallow one-inch cut suffered by pretrial detainee in course of his arrest was serious.). Such a condition "need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Id.*

"Circumstances indicating that an inmate has a serious medical condition include the 'existence of an injury that a reasonable doctor or patient would find important and worthy of comment or

treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Paine*, 689 F.Supp.2d at 1061 (citing *Hayes*, 546 F.3d at 522–23); *compare Lopez v. City of Chicago*, 464 F.3d 711, 719 (plaintiff's allegations sufficient to form objectively unreasonable conduct where he alleged he was shackled to a wall of an interrogation room for four days and nights and deprived of food, drink, and sleep) *with Sides v. City of Champaign*, 496 F.3d 820, 828 (finding plaintiff's allegations did not show unreasonableness required for a Fourth Amendment claim where he was forced to stand against an officer's car during which time his buttocks hurt and he felt dizzy and dehydrated).

According to the Seventh Circuit, to demonstrate failure to provide medical care, the Plaintiff must show that: (1) an objectively serious injury or medical need was deprived; and (2) the official knew that the risk of injury was substantial but nevertheless failed to take reasonable measures to prevent it. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *Dunlap v. Sims*, No. 13-cv-06301, 2015 U.S. Dist. LEXIS 129675 , at *9 (N.D. Ill. Sep. 28, 2015); *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)).

Under the first element, an objectively serious injury or medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Zentmyer v. Kendall Cnty.*, 220 F.3d 805, 810 (7th Cor. 2000); *Johnson v. Obaisi*, No. 16 cv 4046, 2020 U.S. Dist. LEXIS 13661, at *12 (N.D. Ill. Jan. 28, 2020); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). The condition  must "result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011).

Here, instead of alleging facts to support a claim that plaintiff had an objectively serious medical condition that would easily be recognized before using the stairs, Count IV alleges that

plaintiff suffered an objectively serious medical condition when he collapsed. It does not allege that he was forced to use stairs after he collapsed or that he was forced to engage in activities after the collapse that caused injuries. Hence, Count IV should be dismissed.

### B. Requiring Plaintiff to use stairs and using handcuffs are not constitutional violations

Count IV alleges that "plaintiff suffered an objectively serious medical condition when he collapsed after having been forced to walk down several flights of stairs." (Dkt #54 at par. 140). There are no allegations that plaintiff had a doctor's order prohibiting him from using stairs, which would reflect a serious medical condition.

Absent additional factors, the mere requirement for a detainee to use stairs does not give rise to a Section 1983 claim. Even if plaintiff had been forced to use wet, slippery surfaces, it would not violate the Eighth Amendment. Notably, the court in *Pyles v. Fahim*, 771 F.3d 403, 410-11 (7th Cir. 2014) held that "'slippery surfaces and shower floors in prison, without more, cannot constitute a hazardous condition of confinement' that violates the Eighth Amendment."

The Seventh Circuit considers both an inmate's ability to walk and the quality of the stairs he must walk on. *Salley v Parker*, 2022 WL 2952818. A stairway, even when wet, is not considered a hazardous condition of confinement. *Pyles*, 771 F.3d at 410. Further, the Seventh Circuit in *Perkins v. Pfister*, 711 F. App'x 335, 337 (7th Cir. 2017) held that a prison's policy of handcuffing inmates before moving them through stairwells did not violate the Eighth Amendment.

Here, the complaint merely alleges that plaintiff had to use the stairs. There are no allegations of wetness or other issues with the stairs. Yet, even if there had been such allegations, it would not support a Section 1983 claim for violation of the Eighth Amendment.

Additionally, there is nothing inherently wrong with handcuffing a detainee. Thus, the allegation that plaintiff was handcuffed sitting on the floor for 15 minutes is insufficient to support

a claim for violation of the United States Constitution. (Dkt #54 at par. 50). Accordingly, Count IV should be dismissed.

Finally, Count V should be dismissed for several reasons.

**V.    Count V Does Not Allege Constitutional Violations**

Count V should be dismissed for failure to allege a medication dispersal policy. It attempts to present a (Section 1983 claim against Defendants Gavin and Miller for failure to attend to plaintiff's serious medical needs) but fails to put all steps on the ladder to support his claim. Count V does not allege that Gavin and Miller administered medications. It does not allege that Gavin and Miller knew plaintiff was ill or in cell. It does not allege that Gavin and Miller were involved in the riot. Count V does not allege that Gavin or Miller were at the jail at any time during the riot. Further, Count V does not allege that plaintiff sustained any injury. Moreover, allegations that a detainee was temporarily housed for a matter of hours, not overnight, do not rise to the level of a constitutional violation.

Absent allegations that place Gavin and Miller in the jail or at least reflecting that Gavin and Miller knew of plaintiff's condition or location, Count V cannot stand. Yet, even if those requirements were met, the plaintiff still must plead injury to the plaintiff to withstand dismissal.

**<u>CONCLUSION</u>**

Counts I through V of Plaintiff's Third Amended Complaint should be dismissed. Count I has no allegations regarding proper controls, nor is any harm pleaded. Further, the complaint is bereft of allegations reflecting that defendants had notice of a particularized danger of a riot. Counts II and III lack allegations reflecting that defendants had notice of a potential riot. Counts IV and V do not present claims for violation of the Constitution. Alleging that a detainee had to

use the stairs does not fall within the bounds of a Section 1983 claim. Count V also fails to allege that plaintiff suffered injuries.

WHEREFORE, Defendants, LARRY GAVIN, KAREN JONES-HAYES, DAMITA DELITZ, BRENDON LOMBARDI, DIRECTOR MILLER, OFFICER BUCHANAN, THOMAS DART AND LIEUTENANT DOUGE, by and through their attorneys DeVore Radunsky LLC, respectfully request this Court dismiss Counts I through V of the Complaint with prejudice.


 Jason E. DeVore
One of the attorneys for Defendants


Jason E. DeVore (#6242782)
Troy S. Radunsky
DeVore Radunsky LLC
230 W. Monroe Chicago, IL 60606
(312) 300-4479