IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL C. MAYO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-04653 |
| | ) | |
| v. | ) | Hon. Judge Robert M. Dow |
| | ) | |
| LARRY GAVIN, KAREN JONES-HAYES, DAMITA DELITZ, BRENDAN LOMBARDI, DIRECTOR MILLER, OFFICER SHELDON BUCHANAN, LT. FENDLEY DOUGE, & THOMAS DART, in his official capacity | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S THIRD AMENDED COMPLAINT**

NOW COMES Defendant, BRENDAN LOMBARDI, by and through his attorneys Jason E. DeVore and Troy S. Radunsky of the law firm DeVore Radunsky LLC, and for Defendant's Answer and Affirmative Defenses to Counts VI and VII of Plaintiff's Third Amended Complaint, states as follows:

**COUNT VI**
**Section 1983 claim against Defendant Lombardi for Excessive Force**

150. Mr. Mayo repeats and realleges the preceding paragraphs as if fully set forth in this count.

**ANSWER: The defendant adopts and incorporates his answers to paragraphs 1-149 as his answer to paragraph 150.**

151. Defendant Lombardi purposely used force against Mr. Mayo by violently removing him from his wheelchair, slamming his head on the concrete floor, and piling his body on to Mr. Mayo's prostrate body.

1

**ANSWER:** The defendant denies the allegations in paragraph 151 of plaintiff's Third Amended Complaint.

152. Defendant Lombardi's use of force was objectively unreasonable.

**ANSWER:** The defendant denies the allegations in paragraph 152 of plaintiff's Third Amended Complaint.

153. As a result of defendant Lombardi's unconstitutional conduct, Mr. Mayo suffered significant physical, mental and emotional injuries.

**ANSWER:** The defendant denies the allegations in paragraph 153 of plaintiff's Third Amended Complaint.

WHEREFORE, Defendant, BRENDAN LOMBARDI respectfully requests that this Court enter judgment in his favor and against Plaintiff, MICHAEL MAYO, along with any further relief as this Court deems just and proper.

## COUNT VII
### Section 1983 claim against Defendant Lombardi for First Amendment Retaliation

154. Mr. Mayo repeats and realleges the preceding paragraphs as if fully set forth in this count.

**ANSWER: The defendant adopts and incorporates his answer to paragraphs 1-153 as his answer to paragraph 154.**

155. By availing himself of grievance procedures and OPR complaints regarding defendant Lombardi, Mr. Mayo engaged in activity protected by the First Amendment (incorporated against the states through the 14th amendment).

**ANSWER:** The defendant denies the allegations in paragraph 155 of plaintiff's Third Amended Complaint.

#373693v1

156. Subsequent to Mr. Mayo's protected activity, defendant Lombardi intentionally engaged in a persistent and egregious pattern of harassment.

**ANSWER:** **The defendant denies the allegations in paragraph 156 of plaintiff's Third Amended Complaint.**

157. Defendant Lombardi's conduct would be likely to deter a person of ordinary firmness and Mr. Mayo's position from continuing to engage in protected activity.

**ANSWER:** **The defendant has insufficient information to form a belief as to the truth or falsity of the allegation in paragraph 157 of plaintiff's Third Amended Complaint.**

158. Defendant Lombardi's conduct was motivated by Mr. Mayo's protected activity.

**ANSWER:** **The defendant denies the allegations in paragraph 158 of plaintiff's Third Amended Complaint.**

WHEREFORE, Defendant BRENDAN LOMBARDI respectfully requests that this Court enter judgment in his favor and against Plaintiff, MICHAEL MAYO, along with any further relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendant BRENDAN LOMBARDI, by and through his attorneys Jason E. DeVore and Troy S. Radunsky of the law firm DeVore Radunsky LLC, setting forth the following affirmative defenses.

1. Each Defendant Correctional Officer's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendant is entitled to the defense of qualified immunity.

2. To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under § 1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Therefore, to the extent Defendants are named in their official capacities, Defendants are immune from having to pay punitive damages to Plaintiff.

3. To the extent Plaintiff is making any claims under Illinois law, Defendants are immune from Plaintiff's claims under 745 ILCS 10/2-204 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person."

4. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

5. Plaintiff did not properly exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Plaintiff was at all relevant times and the date of filing, a prisoner, and subject to the PLRA.

6. Defendants reserve their rights to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

WHEREFORE, Defendant, BRENDAN LOMBARDI, respectfully requests that this Court enter judgment in his favor and against Plaintiff, MICHAEL MAYO, along with any further relief as this Court deems just and proper.

                                                Respectfully Submitted

#373693v1

|   |   |
|---|---|
| By: | */s/ Jason E. DeVore*<br>Jason E. DeVore, One of the Attorneys for the Defendants |

**DeVore Radunsky LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
230 W. Monroe, Suite 230
Chicago, IL 60606
(312) 300-4479
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that Defendant's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint was filed on September 13, 2022, with the Northern District of Illinois ECF system, serving a copy on all parties.

*/s/ Jason E. DeVore*

#373693v1