## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL C. MAYO, ) | |
|     Plaintiff, ) | |
|   v. ) | |
| ) | |
| LARRY GAVIN, KAREN JONES- ) | Case No.: 1:21-cv-04653 |
| HAYES, DAMITA DELITZ, BRENDON ) | |
| LOMBARDI, DIRECTOR MILLER, ) | Hon. Judge John J. Tharp, Jr. |
| OFFICER BUCHANAN, THOMAS ) | |
| DART AND LIEUTENANT DOUGE ) | |
|     Defendants. ) | |
| ) | |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
### COUNTS I-V OF THIRD AMENDED COMPLAINT

NOW COME Defendants, LARRY GAVIN, DAMITA DELITZ, BRENDON LOMBARDI, DIRECTOR MILLER, OFFICER BUCHANAN, THOMAS DART AND LIEUTENANT DOUGE (collectively "Defendants[1]"), by and through their attorneys Jason E. DeVore and Troy S. Radunsky of DeVore Radunsky LLC, and for their Reply in support of Motion to Dismiss Counts I-V of Third Amended Complaint, state as follows:

### INTRODUCTION

Plaintiff has hypothesized regarding many new facts that purport to bolster the deficient allegations in his complaint. Yet, even Plaintiff's hypothetical new facts do not include sufficient information to plausibly suggest that the actions of defendants were objectively unreasonable. Additionally, Plaintiff has failed to allege that Defendants Gavin and Miller had personal involvement. Defendants have cited case law involving pretrial detainees and the 14th amendment reflecting support for dismissal. As noted by the District Court for the Southern District of Illinois

---

[1] Defendant's Motion contained a scrivener's error regarding Defendant Karen Jones-Hayes, which incorrectly suggested that the motion was brought on her behalf. Counsel for the other defendants do not represent Ms. Jones-Hayes and the motion was not intended to be brought on her behalf.

in *Craft v. Burns*, No. 22-cv-119-DWD, 2022 WL 5169390, at *4 (S.D. Ill. Oct. 5, 2022), Section 1983 liability is premised on personal involvement. Allegations related to each defendant must reflect that each defendant had personal knowledge or decision making about Plaintiff's medical needs or conditions of his confinement. *Id.*

Lacking sufficient allegations, Counts I – V should be dismissed. If there are counts that survive based upon the hypothetical new facts, Plaintiff should be required to include them in a fourth amended complaint, instead of merely including them in a response to a motion to dismiss.

**ARGUMENT**

Here, the 14th Amendment claims in Count I referenced in Plaintiff's complaint have deficiencies that are not cured by the hypothetical new facts contained in Plaintiff's response brief. Plaintiff first contends that he is not required to articulate his claim with respect to "proper controls" to ensure "prison safety", yet his response attempts to rehabilitate his claims by suggesting that defendants with violent histories were housed with more "vulnerable" detainees in violation of the 14th Amendment.

Counts II and III are subject to dismissal, based upon the lack of allegations reflecting that defendants had notice of a potential riot. The complaint lacks sufficient allegations reflecting that defendants had notice of a particularized danger of a riot. Plaintiff argues in his response to defendant's motion that decisions before and during the riot are being attacked, but this does not pull together Plaintiff's claims. Plaintiff's allegations and argument do not together show that defendants Gavin and Miller had advance notice of the riot or any personal involvement in the riot. There is also no allegation or contention that they knew that Plaintiff was in his cell, which supports dismissal of Count III.

Finally, Counts IV and V must be dismissed for failure to state a cause of action against defendants Gavin and Miller in their individual capacities.

## I. Count I Fails to Plead Notice of Particularized Danger and Personal Involvement

As Plaintiff recognizes, notice of a generalized risk is insufficient to plead a cause of action based upon objective reasonableness under the 14th Amendment. *Kemp v. Fulton County*, 27 F.4th 491, 493-97 (7th Cir. 2022) (finding hearing impaired guard's lack of response to calls for help by pre-trial detainee Plaintiff while being beaten objectively reasonable, where he had notice of general risk to Plaintiff as a result of previous incidents requiring a response, but was not wearing hearing aid on day of attack at incident in lawsuit and thus could not hear Plaintiff's cries or the sounds of the attack).

Here, Counts I, II, and III do not allege defendants had notice of a particularized danger of a riot and should be dismissed.

## II. Counts I, II and III Fail to Allege Notice of Riot

Moreover, Plaintiff attempts to avoid his obligation to plead personal involvement. Plaintiff does not allege that Defendants Gavin and Delitz knew that Plaintiff was in his cell while the riot commenced. Here, as in *Craft*, Plaintiff failed to allege adequate personal involvement for every defendant. *Craft,* 2022 WL 5169390, at *4. The complaint alleges that "at least forty Jail employees watched the mayhem[,]" but Plaintiff does not allege or argue that any of these particular defendants were among the forty employees who allegedly watched a riot take place. (Dkt. #54 at ¶ 40). The complaint contains no allegations reflecting that "Defendants Gavin, Jones-Hayes, and/or Delitz directed Jail staff to avoid entering Division 8/3G to restore order" when they knew that it was dangerous to not restore order in Division 8/3G. (Dkt. #54 at ¶ 41). While it is possible that these defendants were among the forty Jail employees out of hundreds or thousands

3

of employees, it is not plausible based upon the allegations in the complaint. There are also no allegations to support a contention that each of the defendants knew that Plaintiff was trapped in a dangerous cell.

Plaintiff contends that he has plausibly alleged that defendants Gavin and Delitz "directed Jail staff to avoid entering Division 8/3G" and, as such, knew of ongoing danger, but acted recklessly all the same. (Dkt. #84, Response at 9). However, the complaint does not specifically allege that these defendants knew of the ongoing violence at the time it was taking place. Thus, the personal knowledge requirement is not satisfied.

Recognizing deficiencies in Count II of the complaint, Plaintiff has included argument providing some color to his claims. Plaintiff's dubious argument should not be deemed sufficient to withstand dismissal.

Plaintiff argues in his response brief that Counts II and III should be saved against defendants Dart and Miller, respectively, because it was easily predictable that defendant Dart and defendant Millers's issuance of policies would lead to increased violence. Yet, Plaintiff alleges that he "was incarcerated under conditions posing a substantial risk of harm[,]" (Dkt. #54 at ¶ 123), which would suggest a general risk of harm, which is insufficient. *Kemp*, 27 F.4th at 493-97.

### III. Count IV and V Do Not Allege Constitutional Violations

#### A. Count IV

Counts IV and V attempt to allege wrongdoing against defendants Buchanan and Douge (Count IV) and defendants Gavin and Miller (Count V), individually. Plaintiff acknowledges the definition of "objectively serious" discussed in Defendant's motion to dismiss[2], but misconstrues

---

[2] *See e.g., Paine v. Johnson*, 689 F.Supp.2d 1027, 1061 (N.D. Ill. 2010) (citing *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008)); *see also Davis v. Jones*, 936 F.2d 971, 72 (7th Cir. 1991).

4

Defendant's argument regarding the failure to plead an objectively serious medical condition as required by the 14th Amendment. (Dkt. #84, Response at 12). As discussed in Defendant's motion, the complaint does not adequately allege an "objectively serious" medical condition, even under a broad definition of unreasonable disregard.

Plaintiff's argument regarding Plaintiff's diagnosis and treatment by a physician does not cure the omission of allegations showing that defendants had notice that Plaintiff could not ambulate stairs. Absent this knowledge, Plaintiff does not provide support as to defendants Buchanan and Douge (Count IV) or defendants Gavin and Miller (Count V) regarding "reckless disregard" in failing to attend to Plaintiff's "objectively serious" medical needs.

Plaintiff avoids addressing whether Plaintiff was medically prohibited from using stairs. There are no allegations or arguments suggesting that defendants forced Plaintiff to use stairs after he collapsed or that he was forced to engage in activities after the collapse that caused injuries. Plaintiff admits that defendants Buchanan and Douge requested medical treatment for Plaintiff within 15 minutes but argues that 15 minutes is an unconstitutionally unreasonable delay. (Dkt. #84, Response at 12). As it stands, the complaint alleges that defendants Buchanan and Douge requested medical treatment for Plaintiff 15 minutes after Plaintiff had collapsed while traversing down flights of stairs.

Count IV alleges a single instance of Plaintiff collapsing after traversing flights of stairs as an objectively serious medical condition. Merely requiring a detainee to use stairs does not give rise to a Section 1983 claim. *See Pyles v. Fahim*, 771 F.3d 403, 410-11 (7th Cir. 2014).[3] Plaintiff

---

[3] Many cases involving jail conditions reference the Eight Amendment. Defendants have cited cases for examples of conditions and understand the application of the Fourteenth Amendment for pre-trial detainee claims.

cites no support for the contention that a single episode of collapsing on the stairs could constitute a serious medical condition. This is insufficient to support Count IV and it should be dismissed.

### B. Count V

Similarly, Count V should be dismissed for failure to allege a medication policy and for failure to allege personal involvement of Gavin and Miller. *See Craft*, 2022 WL 5169390, at *4. Plaintiff claims that the decision to move detainees from Division 8/3G to Division 10 put Plaintiff in serious jeopardy because it was "not … a medical division". The complaint alleges that Plaintiff missed a dose of several medications during a 12-hour detention period in Division 10. This limited time span with scant allegations of a missed medicine dose should not give rise to a claim for failure to attend to serious medical needs.

Plaintiff does not contest the fact that the complaint contains no allegations that Gavin or Miller were distributing medications. There are also no allegations that Gavin or Miller were at the jail at any time during the riot. These failures warrant dismissal of Count V, which seeks recovery from defendants Gavin or Miller in their individual capacities.

Further, Plaintiff's argument regarding Count V does not reflect a constitutional violation. Allegations that a detainee was temporarily housed for a matter of hours, not overnight, should not give rise to a constitutional violation.

## CONCLUSION

Counts I through V of Plaintiff's Third Amended Complaint should be dismissed as discussed herein. Counts I, II and III lack allegations regarding proper controls. The complaint is bereft of allegations showing notice of a particularized danger of a riot. Counts IV and V do not present claims for violation of the Constitution.

WHEREFORE, Defendants, LARRY GAVIN, DAMITA DELITZ, BRENDON LOMBARDI, DIRECTOR MILLER, OFFICER BUCHANAN, THOMAS DART AND LIEUTENANT DOUGE, by and through their attorneys DeVore Radunsky LLC, respectfully request this Court dismiss Counts I through V of the Complaint with prejudice and for any additional relief deemed appropriate by this Court

    Jason E. DeVore
One of the attorneys for Defendants

Jason E. DeVore (#6242782)
Troy S. Radunsky (#6269281)
DeVore Radunsky LLC
230 W. Monroe Chicago, IL 60606
(312) 300-4479